IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,                )
                                         )
              Plaintiff,                 )
                                         )
v.                                       )         Case No. 11-00075-01-CR-W-ODS
                                         )
WILLIAM R. GRAY,                         )
                                         )
              Defendant.                 )

## REPORT AND RECOMMENDATON

On April 4, 2011, defendant was charged with having been committed to a mental institution

and possessing firearms that had been transported in interstate commerce in violation of 18 U.S.C.

§§ 922(g)(4) and 924(a)(2). At the detention hearing, government counsel asked that the defendant

be evaluated before the Court considered releasing him on bond. Defense counsel also agreed that

the defendant's competency should be evaluated. Thus, on May 2, 2001, the Court entered an order

directing that the defendant undergo a psychiatric or psychological examination and that a report

be filed with the Court concerning the defendant's mental ability to understand the proceedings

presently pending against him and to properly assist in his defense. (Doc. #23)

On August 26, 2011, the Court held a hearing on the issue of the defendant's competency to

stand trial. The parties stipulated that the Court could consider the Forensic Evaluation dated August

12, 2011, prepared by Judith (Betsy) Campbell, Ph.D., Forensic Psychologist at the Federal Medical

Center in Lexington, Kentucky. No other evidence was offered on the issue of defendant's

competency to stand trial.

Defendant was diagnosed with a Major Depressive Disorder, and Personality Disorder Not

Otherwise Specified with Antisocial, Paranoid, and Narcissistic Features. (Forensic Report at 8)

The evaluator concluded that defendant's most prominent psychological difficulty was the presence of a personality disorder. (Id.)  According to the evaluator, although personality disorders are pervasive and influence all aspects of an individual's life, they are not considered a severe mental illness as they are viewed as more intentional or volitional than other psychiatric disorders. (Id. at 9) Therefore, with respect to Mr. Gray's diagnosis,  Dr. Campbell concluded that:

> [t]hese diagnoses are not conditions which interfere significantly with Mr. Gray's routine functioning, substantially impair his reasoning or reality testing, or prevent him from comprehending or controlling his actions.  In summary, Mr. Gray has not ben diagnosed with a mental condition which would prevent him from proceeding competently to trial.

(Id. at 9)  Based upon information gathered over the course of the evaluation, Dr. Campbell was of the opinion that "Mr. Gray **is** mentally competent to stand trial." (Id. at 11)  Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant William Gray  is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense and that he is competent to stand trial.

Counsel are reminded they have fourteen days from the date of  this Report and Recommendation within which to file and serve objections.  A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

_/s/ Sarah W. Hays_
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE